IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.                                                    2:26-CR-025-Z-BR-(1)

KELSI MARIE KARR

## NOTICE OF INTENT TO IMPOSE
## CONDITIONS OF PROBATION

During the sentencing hearing in this case, the Court intends to impose the following conditions of probation: (1) the *required* Mandatory Conditions listed at 18 U.S.C. § 3583(d) and Section 5B1.3(a) of the Guidelines Manual; and (2) the below-listed *discretionary* Standard Conditions and Special Conditions listed at Sections 5B1.3(b), (c), (d), and (e) of the Guidelines Manual—which, based on the facts and circumstances of the above-referenced case, are (1) reasonably related to the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D); (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in Section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and (3) consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a) ("Notice").

Defense counsel is hereby ORDERED to (1) review the Notice with Defendant, (2) explain the Notice to Defendant, (3) identify and prepare to present any objections to the Notice, (4) sign and date the Notice, alongside Defendant's signature, and (5) return the Notice to the Court at the sentencing hearing in this case.

**Mandatory Conditions**

1.    For any offense, the defendant shall not commit another federal, state or local offense (see 18 U.S.C. § 3563(a)).

2.    For a felony, the defendant shall (A) make restitution, (B) work in community service, or (C) both, unless the court has imposed a fine, or unless the court finds

on the record that extraordinary circumstances exist that would make such a condition plainly unreasonable, in which event the court shall impose one or more of the discretionary conditions set forth under 18 U.S.C. § 3563(b) (see 18 U.S.C. § 3563(a)(2)).

3.      For any offense, the defendant shall not unlawfully possess a controlled substance (see 18 U.S.C. § 3563(a)).

4.      For a domestic violence crime as defined in 18 U.S.C. § 3561(b) by a defendant convicted of such an offense for the first time, the defendant shall attend a public, private, or non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant (*see* 18 U.S.C. § 3563(a)).

5.      For any offense, the defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on probation and at least two periodic drug tests thereafter (as determined by the court) for use of a controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the court for any individual defendant if the defendant's presentence report or other reliable information indicates a low risk of future substance abuse by the defendant (*see* 18 U.S.C. § 3563(a)).

6.      The defendant shall (A) make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. § 3013. If there is a court-established payment schedule for making restitution or paying the assessment (*see* 18 U.S.C. § 3572(d)), the defendant shall adhere to the schedule.

7.      The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments (*see* 18 U.S.C. § 3563(a)).

8.      If the court has imposed a fine, the defendant shall pay the fine or adhere to a court-established payment schedule (*see* 18 U.S.C. § 3563(a)).

9.      If the defendant is required to register under the Sex Offender Registration and Notification Act, the defendant shall comply with the requirements of that Act (*see* 18 U.S.C. § 3563(a)).

10.    The defendant shall submit to the collection of a DNA sample from the defendant at the direction of the United States Probation Office if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (34 U.S.C. § 40702).

**Standard Conditions**

1.    The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of the time the defendant was sentenced, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2.    After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

3.    The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

4.    The defendant shall answer truthfully the questions asked by the probation officer.

5.    The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

6.    The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

7.    The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or the job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

8.    The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9.    If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

11. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk, and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13. The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

**Special Conditions**

1. The defendant must not engage in an occupation, business, profession, or volunteer activity that would require or enable you to manage funds without the prior approval of the probation officer.

2. The defendant must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

3. The defendant must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

August ___, 2026.

_____
Matthew J. Kacsmaryk
UNITED STATES DISTRICT JUDGE

_____
Defendant

_____
Defense Counsel

4